# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 18-0193V
Filed: November 16, 2018
UNPUBLISHED

| | |
|---|---|
| WILLIAM HENDERSON and RHONDA HENDERSON, as the Natural Parents and Guardians of A.H., a minor,<br><br>                              Petitioners,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                              Respondent. | Special Processing Unit (SPU); Ruling on Entitlement; Concession; Table Injury; Tetanus Diphtheria acellular Pertussis (Tdap) Vaccine; Human Papillomavirus (HPV) Vaccine; Vasovagal Syncope |

*Rudolph L. Massa*, Massa Law Group, Pittsburg, PA, for petitioner.
*Traci R. Patton*, U.S. Department of Justice, Washington, DC, for respondent.

**RULING ON ENTITLEMENT**[1]

**Dorsey**, Chief Special Master:

On February 7, 2018, William and Rhonda Henderson ("petitioners") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act") on behalf of their minor daughter, A.H. Petitioners allege that A.H. developed vasovagal syncope upon receiving tetanus-diphtheria-acellular pertussis ("Tdap") and human papillomavirus ("HPV") vaccines on August 19, 2016, which resulted in "residual effects and complications of a fall and

---

[1] The undersigned intends to post this ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

associated concussion." *See* Petition at 1-4.  Specifically, petitioners alleged that A.H. continues to suffer a "lump on her head, i.e., she remains disfigured" as a result of the syncope she suffered following her vaccinations.  *Id*. at 4. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On November 15, 2018, respondent filed his Rule 4(c) report in which he concedes that petitioners are entitled to compensation in this case.  Respondent's Rule 4(c) Report at 1.  Specifically, respondent states "that petitioners have satisfied the criteria set forth in the recently revised Vaccine Injury Table (Table) and the Qualifications and Aids to Interpretation (QAI), which afford petitioners a presumption of causation because the onset of A.H.'s vasovagal syncope occurred within one hour after a Tdap and/or HPV vaccination and there is no apparent alternative cause." *Id.* at 5.  Respondent further agrees that "A.H. experienced more than six months of residual effects of her vasovagal syncope."  *Id.*

**In view of respondent's position and the evidence of record, the undersigned finds that petitioners are entitled to compensation.**

**IT IS SO ORDERED.**

                             **s/Nora Beth Dorsey**
                             Nora Beth Dorsey
                             Chief Special Master