# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-0193V
(not to be published)

| | |
|---|---|
| WILLIAM HENDERSON and RHONDA HENDERSON, as the Natural Parents and Guardians of A.H., a minor,<br><br>                    Petitioners,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: November 26, 2019<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Rudolph L. Massa, Massa Law Group, PC, Pittsburgh, PA, for Petitioner.*

*Traci R. Patton, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On February 7, 2018, William and Rhonda Henderson ("Petitioners") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act") on behalf of their minor daughter, A.H. Petitioners allege that A.H. developed vasovagal syncope upon receiving tetanus-diphtheria-acellular pertussis and human papillomavirus vaccines on August 19, 2016, which resulted in "residual effects and complications of a fall and associated concussion."

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the ruling will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

(Petition at 1-4). On April 15, 2019, a decision was issued by then-Chief Special Master Dorsey, awarding compensation to Petitioners based on the Respondent's proffer. (ECF No. 33).

The Petitioners have now filed a motion for attorney's fees and costs, dated October 9, 2019 (ECF No. 38) requesting a total award of $12,621.14 (representing $10,615.00 in fees, $850.89 in costs, and $1,155.25 in guardianship costs). In accordance with General Order #9, counsel for Petitioners represents that Petitioners filed a signed statement representing they have incurred no out-of-pocket expenses. (ECF No. 38-3). Respondent reacted to the motion on October 22, 2019 indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case and deferring to my discretion to determine the amount to be awarded. (ECF No. 39). Petitioners did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioners' requests and find a small reduction in the amount of fees to be awarded appropriate for the reasons listed below.

## ANALYSIS

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The Petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). She "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should

make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

## ATTORNEY FEES

Petitioners request that their attorney, Rudolph L. Massa, be compensated at the rate of $500 per hour for <u>all</u> time billed from 2016 – 2019, and the rate of $150 per hour for time billed by Mr. Massa's paralegal in the same period. Petitioners' motion states that Mr. Massa has been an active attorney since 1998, placing him in the range of attorneys with 11-19 years of experience for 2016 – 2017, and the range of attorneys with 20 – 30 years of experience for 2018 - 2019.

Mr. Massa's requested rate of $500 per hour exceeds the rate I have previously found to be reasonable for him. *See, e.g., Johns v. Sec'y of Health & Human Servs.,* No. 15-1226V, 2018 WL 2772668 (Fed. Cl. Spec. Mstr. May 7, 2018). Additionally, this requested rate exceeds the highest possible rate for an attorney with 31+ years of experience that the Vaccine Program will award per the (OSM Attorney's Forum Hourly Rate Fee Schedules).[3] Although Mr. Massa is an experienced attorney overall, his experience within the Vaccine Program is very limited, having only a total of seven cases in the Program since 2011 (six cases closed, and one ongoing as the date this Decision is filed). Therefore, I find it reasonable to compensate Mr. Massa at the previously awarded rates of $312 for time billed in 2016, and $320 for time billed in 2017. I do however, find a rate increase for 2018 and 2019 appropriate, and find the rates of $340 for 2018 and $365 reasonable given Mr. Massa's overall legal experience and experience in the Program. This results in a reduction of fees in the amount of **$2,060.20**.[4]

I further find it necessary to adjust the requested paralegal rare of $150 per hour, as it also exceeds what I have found to be reasonable for Mr. Massa's paralegal time. I reduce the paralegal rate for 2016 to the previously awarded rate of $130 per hour. I find the hourly rates of $135 for 2017, $140 for 2018 and $145 for 2019 also more appropriate and in line with paralegals on the OSM Hourly Rate Schedule. This results in a reduction of fees in the amount of **$26.50**.[5]

---

[3] OSM Attorney's Forum Hourly Rate Fee Schedules: http://www.uscfc.uscourts.gov/node/2914

[4] ($500 - $312 = $188 x 0.90 hrs = $169.20) + ($500 - $320 = $180 x 2 = $360) + ($500 - $340 = $160 x 6.7 hrs = $1,072) + ($500 - $365 = $135 x 3.4 hrs = $459) = $2,060.20.

[5] ($150 - $130 = $20 x 0.2 hrs = $4) + ($150 - $135 = $15 x 1.3 hrs = $19.50) + ($150 – $140 = $10 x 0.2 hrs = $2) + ($150 - $145 = $5 x 0.2 hrs = $1) = $26.50.

## ATTORNEY COSTS

Petitioners request $2,006.14 in overall costs. (ECF No.38 at 3). This amount is comprised of obtaining medical records, the Court's filing fee, and costs associated with establishing the guardianship. I have reviewed all the requested costs and find them to be reasonable, and although Petitioners did not provide full documentation in support of their request.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. §300aa-15(e). Accordingly, I hereby GRANT Petitioners' Motion for attorney's fees and costs. I award a total of **$10,534.44** (representing $8,528.30 in fees and $2,006.14 in costs) as a lump sum in the form of a check jointly payable to Petitioners and Petitioners' counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[6]

**IT IS SO ORDERED.**

s/Brian H. Corcoran  
Brian H. Corcoran  
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.